UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $30,871.00 IN U.S. CURRENCY, | § | |
| Defendant in rem | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, Plaintiff, files this action for forfeiture against approximately $30,871.00 in United States currency, Defendant in rem, and alleges the following.

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 31 U.S.C. §5317(c)(2).

*Defendant in Rem*

2. Defendant in rem is approximately $30,871.00 in United States currency that was seized from Mohammad Adil Swati, Mohammad Nazir Swati, and Me Razia Sultana on May 4, 2010, at the George Bush Intercontinental Airport in Houston, Texas.

*Jurisdiction and Venue*

3. This Court has jurisdiction under 28 U.S.C. §1355 because this is an action for forfeiture.

4. Venue is proper in this Court under 28 U.S.C. §§ 1355 and 1395(a) and (b) because:

> a. the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas;
>
> b. the property was found in the Southern District of Texas; and
>
> c. this forfeiture action accrued in the Southern District of Texas.

*Basis for Forfeiture*

5. The Defendant in rem is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) which provides that any property involved in violations of 31 U.S.C. §§ 5316 and 5324(c) may be forfeited to the United States. These statutes state in pertinent part that:

> 1) a person shall file a report when the person knowingly transports, is about to transport, or has transported a monetary instrument of more than $10,000 out of the United States. 31 U.S.C. § 5316(a)(1)(A);
>
> 2) no person shall, for the purpose of evading the reporting requirements of 31 U.S.C. § 5316, fail to file a report required by 31 U.S.C. § 5316. 31 U.S.C. § 5324(c)(1);
>
> 3) no person shall, for the purpose of evading the reporting

requirements of 31 U.S.C. § 5316, file a report required by 31 U.S.C. § 5316 that contains a material omission or misstatement of fact. 31 U.S.C. § 5324(c)(2).

*Facts*

6. On May 4, 2010, Mohammad Adil Swati, Mohammad Nazir Swati, and Me Razia Sultana were about to leave the United States aboard Qatar Airways flight number 78 to Doha, Qatar, at the George Bush Intercontinental Airport in Houston, Texas. The travelers were all of the same family in that Mohammad Adil Swati is the son of Mohammad Nazir Swati and Me Razia Sultana.

7. In the jetway for this flight, a United States Customs and Border Protection Officer (CBP Officer) conducted a Customs outbound inspection. The CBP Officer asked each traveler if he or she was transporting more than $10,000 in cash or monetary instruments for themselves or others. Mohammad Adil Swati, the son, said that he was transporting only $9,000. He confirmed in writing that he was transporting only $9,000. Mohammad Nazir Swati, the father, said that he was transporting only $10,000. He also confirmed in writing that he was transporting only $10,000. Lastly, Me Razia Sultana, the mother, said that she was transporting only $9,000. She also confirmed in writing that she was transporting only $9,000.

8. A CBP Officer directed all of the travelers to an inspection table for

verification of the funds that they declared. As they were waiting at the inspection table, a CBP Officer saw Mohammad Adil Swati, the son, give his father a bank envelope with cash. Mohammad Adil Swati, the son, told the CBP Officer that the money belonged to his father and he was carrying it for him. He said that his parents do not work, and he had given his parents the currency.

9. At the inspection table, a CBP Officer asked each traveler to place all of their currency on the table. Mohammad Adil Swati placed $10,763 on the table. Mohammad Nazir Swati placed $10,103 on the table, these funds were in the bank envelope that was passed to him by his son. Me Razia Sultana placed $10,000 on the table; these funds were in a bank envelope similar to the father's bank envelope. A CBP officer found an additional five dollars on the son during a pat down. After counting all of the money that they were carrying, it was determined that they were about to transport $30,871 out of the United States. CBP Officers seized these funds for forfeiture.

*Relief Requested*

10. Plaintiff requests an arrest warrant and summons pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a judgment of forfeiture, costs, and other relief to which the Plaintiff may be entitled.

Dated: May 27, 2010.

Respectfully submitted,

José Angel Moreno
United States Attorney

By: /s/ Albert Ratliff
Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129
Houston, Texas 77208
E-mail: albert.ratliff@usdoj.gov
Office: (713) 567-9579
Fax: (713) 718-3300

*Verification*

I, Michael Telfer, Special Agent, United States Immigration and Customs Enforcement, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this Verified Complaint for Forfeiture in Rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief.

Executed on May 27, 2010.

_____
Michael Telfer, Special Agent
U. S. Immigration and Customs Enforcement